$350

HB

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTA V. LOHR,<br>Plaintiff<br><br>vs.<br><br>KIMMEL & SILVERMAN, P.C.,<br>CRAIG KIMMEL, ESQ.,<br>ROBERT SILVERMAN, ESQ., and<br>ANGELA TROCCOLI, ESQ.<br>Defendants | : | NO. |




**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTORY STATEMENT**

1. This is an action for discrimination, retaliation, wrongful discharge and other claims arising out of the Defendants' conduct in discriminating against the Plaintiff, a female member of a protected class, while employed by Defendant Kimmel & Silverman, P.C., and retaliating against her by increasing the pervasive discriminatory abuse, thus creating a hostile work environment and intolerable working conditions causing Plaintiff to suffer severe emotional distress and loss of earning capacity. The Plaintiff was wrongfully terminated in retaliation for her complaints about the unethical conduct of a co-worker and her supervisor's failure to address her concerns. All claims are based upon violation of Massachusetts General Laws c. 151B.

**THE PARTIES**

2. Plaintiff, Krista V. Lohr, (hereinafter Lohr) is an adult individual residing at 30 Beal Place, Scituate, Plymouth County, Massachusetts and was, at all times relative to this

Complaint, an employee of the Defendant, Kimmel & Silverman, PC, which was located at 45 Pond Street, Suite 202, Norwell, Plymouth County, Massachusetts.

3. Defendant, Kimmel & Silverman, PC, (hereinafter, Kimmel & Silverman) is a law firm with its corporate office located at 30 East Butler Pike, Ambler, PA. At all relevant times it maintained an office at 45 Pond Street, Suite 202, Norwell, Plymouth County, Massachusetts (the location where Ms. Lohr was employed). This office was later closed.

4. Defendant, Craig Kimmel, Esq., (hereinafter Kimmel), is an adult individual who has an office located at 30 East Butler Pike, Ambler, PA. At all times relevant to this Complaint, he maintained a local office at 45 Pond Street, Suite 202, Norwell, Plymouth County, Massachusetts, and was a partner of Defendant Kimmel & Silverman and a supervisor of Lohr.

5. Defendant, Robert Silverman, Esq., (hereinafter Silverman), is an adult individual who has an office located at 30 East Butler Pike, Ambler, PA. At all times relevant to this Complaint, he maintained a local office at 45 Pond Street, Suite 202, Norwell, Plymouth County, Massachusetts, and was a partner of Defendant, Kimmel & Silverman, and a supervisor of Lohr.

6. Defendant, Angela Troccoli, Esq., (hereinafter Troccoli), is an adult individual who has an office located at 30 East Butler Pike, Ambler, PA. At all times relevant to this Complaint, she maintained a local office at 45 Pond Street, Suite 202, Norwell, Plymouth County, Massachusetts, and was an employee of Defendant, Kimmel & Silverman, and a supervisor of Lohr.

**JURISDICTION AND VENUE**

7. The causes of action which form the basis of this matter arise under Mass. Gen. Law. c. 151B, the Commonwealth of Massachusetts Anti-Discrimination Statute. The Plainitff has complied with all administrative prerequisites for the commencement of this action. The District Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 since there is diversity of citizenship, between the Plaintiff and each of the Defendants and the amount in controversy exceeds $75,000.00. Venue is proper in the District Court pursuant to 28 U.S.C. §1391 since all of the Defendants either reside in the State of Pennsylvania and/or are employed by the corporate defendant, Kimmel & Silverman, P.C., whose principle office is in Pennsylvania.

**THE FACTS**

8. Lohr is a member of a protected class who was employed by the Defendant, Kimmel & Silverman. The Plaintiff was a forty year old woman who began her employment with the Defendants on or about May 7, 2007 as a paralegal in Norwell, Massachusetts where she was primarily responsible for assisting attorney Troccoli. Within months after beginning her employment, Lohr noticed that the office was inadequately staffed to handle the number of cases they had. There was inadequate supervision of staff and attorneys, and there were no practical case lists or diary systems in place to monitor and supervise the cases. Lohr became concerned about these inadequacies and began to uestion Troccoli and other staff members about these matters. She complained about these matters to Kimmel, Troccoli and another attorney, Christopher R. Holliday, ("Holliday"). Kimmel and Silverman were her supervisors together with Troccoli. She was told that the issues were management matters and would be addressed.

9. Along with the disorganization of the office, it was common knowledge in the office that Troccoli and Kimmel were having a personal affair that created an intolerable, hostile, and retaliatory environment which was disruptive and adverse to Lohr's employment. Lohr attempted to report what she perceived as inappropriate conduct by Troccoli to Kimmel, however, Lohr felt that no one would take her concerns and allegations concerning Troccoli seriously because of the relationship between Troccoli and Kimmel. Lohr believed all of the concerns she voiced to Kimmel were mostly certainly relayed ck to Troccoli.

10. When Lohr attempted to express her concerns about Troccoli to her supervisor Kimmel in a closed door meeting, Troccoli abruptly opened the door and sat on Kimmel's desk between Lohr and Kimmel crossing her legs while glaring and smirking at the Lohr. She then demanded to know what the meeting was about and stated that you cannot lock the doors here. Kimmel did nothing to maintain the privacy of the meeting or to give his employee an opportunity for a private discussion. Kimmel appeared amused by Trocolli's conduct. After this meeting, the relationship between Troccoli and Lohr became strained and Lohr requested that she be re-assigned to another attorney. Her request was denied. Every single attempt by the Lohr to reach out to Kimmel, other supervisors, or human resources went unanswered and there was no change in the extremely stressful and hostile environment.

11. When Lohr learned that Troccoli created a fraudulent record in an effort to deceive the court in the computer system to show that an expert disclosure was made when in fact it wasn't, she again complained about Troccoli's improper conduct to another attorney, Holliday. Lohr learned that the client's case was dismissed because no expert disclosure was made by Troccoli. Troccoli then went into the computer system and fraudulently created a

record showing an expert disclosure had been done and improperly dated it as if it had been done in a timely manner. The intent was to file a frivolous motion with the court to remove the dismissal. Following Lohr's complaints and the dismissal of the case, Lohr was abruptly terminated by Kimmel and Silverman, P.C. In fact, another staff member had to resign because Troccoli requested her to fraudulently sign an affidavit alleging that an expert disclosure was filed.

12. Troccoli created an unwelcoming and abusive environment for Lohr as she: (1) was frequently late, arriving between 10:00 – 10:30 a.m., and left early; (2) instructed Lohr that she would not talk to clients unless it was to deal with settlements, even with the knowledge that Lohr, as a paralegal, had limited experience with civil litigation matters and dealing directly with client; (3) engaged in fraudulent settlement practices with defense counsel; (4) excessively billed clients for work that was not completed by her and was charged at her higher rate; (5) would return from lunch noticeably under the influence of alcohol; (6) was dismissive, rude, and retaliatory after Lohr refused to sign Troccoli's application for bar admission to Connecticut because she did not trust her due to her repetitive improper conduct; (7) entered a closed door meeting between Kimmel and Lohr as she was voicing her concerns, and while interrupting, Troccoli sat on Kimmels' desk inquiring about the confidential discussion, to which the Petitioner stated she could finish the conversation with Kimmel later, and thereafter Troccoli warned the Petitioner that she was not allowed to have "closed door meetings" with Kimmel; and (8) fraudulently created a record in the computer system to show that an expert disclosure had been submitted to defense counsel when, in fact, they were not.

13. The collective ramifications of the environment Lohr was exposed to lead to her employment being materially and adversely altered when she was terminated for no stated reason. Further, the continuing pattern of unwelcome conduct on behalf of Troccoli and Kimmel had the aggregate effect of creating an intimidating, hostile, humiliating or otherwise sexually offensive work environment and constituting sexual harassment retaliation and a violation of M.G.L. ch. 151B.

14. Lohr was retaliated against when the terms of her employment were materially and adversely altered when she was subsequently and abruptly terminated on or about November 2, 2007, because she voiced her concerns abut Troccoli's unlawful and improper conduct. Lohr engaged in protected activity when she complained to Kimmel and Holliday on numerous occasions about the improper conduct of Troccoli, and contemplated ways to halt these appalling activities and encourage ethical principles be followed.

15. Lohr's subsequent termination constituted adverse employment action under M.G.L. ch. 151B, §4(4) and such adverse action was causally connected to the protected activity Lohr engaged in.

16. As a result of the Plaintiff's refusal to engage in such conduct and her complaints, the Defendants terminated the Plaintiff in direct violation MGL c. 151B.

**COUNT I**
**Sexual Harassment And Discrimination Against Defendant, Kimmel & Silverman, P.C., In Violation Of MGL c. 151B § 4(1) And MGL c. 214 § 1(C)**

17. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 15 above as if fully and completely set forth herein.

18. The Defendant willfully violated Mass. Gen. Laws ch. 151B § 4(1) and ch. 214 § 1C by discriminating against Plaintiff because of her sex.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Kimmel & Silverman, P.C., in an amount just and proper, together with back pay, interest, costs, and reasonable attorney's fees.

**COUNT II**
**Sexual Harassment And Discrimination Against Defendant, Craig Kimmel, In Violation Of MGL c. 151B § 4(1) and MGL c. 214 § 1(C)**

19. Plaintiff Krista Lohr repeats and restates the allegations in paragraphs 1 through 18 above as if fully and completely set forth herein.

20. The Defendant willfully violated Mass. Gen. Laws ch. 151B § 4(1), and ch. 214 § 1C by discriminating against Plaintiff because of her sex.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Craig Kimmel, in an amount just and proper, together with back pay, interest, costs, and reasonable attorney's fees.

**COUNT III**
**Sexual Harassment And Discrimination Against Defendant Robert Silverman In Violation Of MGL c. 151B § 4(1) And MGL c. 214 § 1(C)**

21. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 20 above as if fully and completely set forth herein.

22. The Defendant willfully violated Mass. Gen. Laws ch. 151B § 4(1), and ch. 214 § 1C, by discriminating against Plaintiff because of her sex.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Robert Silverman, in an amount just and proper, together with back pay, interest, costs, and reasonable attorney's fees.

**COUNT IV**
**Retaliation Against Defendant Kimmel & Silverman, P.C.**
**In Violation of MGL c.151B**

23. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 22 above as if fully and completely set forth herein.

24. Following the Plaintiff's disclosure of Defendant Kimmel & Silverman, P.C's discriminatory employment practices, Defendant Kimmel & Silverman, P.C. negligently, deliberately and purposefully retaliated against Plaintiff Krista Lohr as follows:

a. Verbal abuse of the Plaintiff by Defendant Kimmel & Silverman's agents, Craig Kimmel, Esq. and Robert Silverman, Esq., based on the Plaintiff's gender and complaints;

b. Public humiliation of the Plaintiff by Defendant Kimmel & Silverman's agents, Craig Kimmel, Esq. and Robert Silverman, Esq.;

c. Wrongful termination of the Plaintiff and creating a pretext for the firing; and

d. Creating a hostile and intolerable work environment.

25. As a direct and proximate result of the retaliation against the Plaintiff and the constructive discharge of Plaintiff as hereinabove described, Plaintiff, Krista Lohr, has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, loss

of her employment, loss of earnings, loss of earning capacity, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Kimmel & Silverman, P.C., in an amount just and proper, together with punitive triple damages, attorney fees, interest and costs.

**COUNT V**
**Retaliation Against Defendant Craig Kimmel, Esq.**
**In Violation Of MGL c.151B**

26. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 25 above as if fully and completely set forth herein.

27. Following the Plaintiff's disclosure of Defendant, Kimmel & Silverman, P.C., discriminatory employment practices, Defendant Craig Kimmel, Esq. negligently, deliberately and purposefully retaliated against Plaintiff Krista Lohr as follows:

a. Verbal abuse of the Plaintiff based on the Plaintiff's gender;

b. Public humiliation of the Plaintiff;

c. Wrongful termination of the Plaintiff and creating a pretext for the firing; and

d. Creating a hostile and intolerable work environment.

28. As a direct and proximate result of the retaliation against the Plaintiff and the constructive discharge of Plaintiff as hereinabove described, Plaintiff, Krista Lohr, has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, loss of her employment, loss of earnings, loss of earning capacity, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Craig Kimmel, Esq., in an amount just and proper, together with punitive triple damages, attorney fees, interest and costs.

**COUNT VI**
**Retaliation Against Defendant Robert Silverman, Esq.**
**In Violation of MGL c.151B**

29. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 28 above as if fully and completely set forth herein.

30. Following the Plaintiff's disclosure of Defendant, Kimmel & Silverman P.C.'s, discriminatory employment practices, Defendant, Robert Silverman, Esq., negligently, deliberately and purposefully retaliated against Plaintiff Krista Lohr as follows:

a. Verbal abuse of the Plaintiff based on the Plaintiff's gender;

b. Public humiliation of the Plaintiff;

c. Wrongful termination of the Plaintiff and creating a pretext for the firing; and

d. Creating a hostile and intolerable work environment.

31. As a direct and proximate result of the retaliation against the Plaintiff and the constructive discharge of Plaintiff as hereinabove described, Plaintiff Krista Lohr has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, loss of her employment, loss of earnings, loss of earning capacity, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Robert Silverman, Esq., in an amount just and proper, together with punitive triple damages, attorney fees, interest and costs.

**COUNT VII**
**Wrongful Discharge In Violation of Public Policy Against Defendant Kimmel & Silverman, P.C.**

32. Plaintiff , Krista Lohr, hereby repeats and restates the allegations in paragraphs 1 through 31 above as if fully and completely set forth herein.

33. Defendant, Kimmel & Silverman, P.C., wrongfully discharged the Plaintiff in violation of public policy as follows:

a. The Plaintiff reported the conduct of Troccoli to her supervisors indicating she believed the conduct constituted fraud upon the Court and unethical conduct by Troccoli requiring the Board of Bar Overseers to be notified;

b. The Defendant initially deceived the Plaintiff into believing they would conduct an investigation and properly respond to her concerns;

c. Instead the Defendant fabricated a pretext and fired the Plaintiff for her internal complaints regarding Troccoli and her supervisors' unethical conduct.

34. As a direct and proximate result of the wrongful acts of the Defendant's agents, Plaintiff, Krista Lohr, has been caused to suffer humiliation, embarrassment, loss of her employment, loss of earnings, loss of earning capacity and damage to her reputation and standing in the community.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Kimmel & Silverman, P.C., in an amount just and proper together with attorney fees, interest and costs.

**COUNT VIII**
**Wrongful Interference With A Contractual/Advantageous Business Relationship By Defendant, Crag Kimmel, Esq.**

35. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 34 above as if fully and completely set forth herein.

36. Defendant, Craig Kimmel, Esq., negligently, deliberately and purposefully interfered with the advantageous business relationship between the Plaintiff and her employer, Defendant, Kimmel & Silverman, P.C., as follows:

a. Verbal abuse of the Plaintiff;

b. Physical and verbal intimidation of the Plaintiff;

c. Public humiliation of the Plaintiff;

d. Disseminating false and misleading information about the Plaintiff to her employer and others; and

e. Termination of the Plaintiff's employment.

37. As a direct and proximate result of the allegations hereinabove described, Plaintiff, Krista Lohr, has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, loss of her employment, loss of earnings, loss of earning capacity, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff, Krista Lohr, demands judgment against Defendant, Craig Kimmel, Esq. in an amount just and proper, together with attorney fees, interest and costs.

**COUNT IX**
**Wrongful Interference With A Contractual/Advantageous Business Relationship By Defendant, Robert Silverman, Esq.**

38. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 37 above as if fully and completely set forth herein.

39. Defendant, Robert Silverman, Esq., negligently, deliberately and purposefully interfered with the advantageous business relationship between the Plaintiff and her employer, Defendant, Kimmel & Silverman, P.C., as follows:

a. Verbal abuse of the Plaintiff;

b. Physical and verbal intimidation of the Plaintiff;

c. Public humiliation of the Plaintiff;

d. Disseminating false and misleading information about the Plaintiff to her employer and others; and

e. Termination of the Plaintiff's employment.

40. As a direct and proximate result of the allegations hereinabove described, Plaintiff, Krista Lohr, has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, loss of her employment, loss of earnings, loss of earning capacity, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff, Krista Lohr, demands judgment against Defendant, Robert Silverman, Esq. in an amount just and proper, together with attorney fees, interest and costs.

**COUNT X**
**Wrongful Interference With A Contractual/Advantageous Business Relationship by Defendant Angela Troccoli, Esq.**

41. Plaintiff, Krista Lohr, repeats and restates the allegations in paragraphs 1 through 40 above as if fully and completely set forth herein.

42. Defendant, Angela Troccoli, Esq. negligently, deliberately and purposefully interfered with the advantageous business relationship between the Plaintiff and her employer, Defendant, Kimmel & Silverman, P.C., as follows:

a. Verbal abuse of the Plaintiff;

b. Physical and verbal intimidation of the Plaintiff;

c. Public humiliation of the Plaintiff;

d. Disseminating false and misleading information about the Plaintiff to her employer and others; and

e. Termination of the Plaintiff's employment.

43. As a direct and proximate result of the allegations hereinabove described, Plaintiff Krista Lohr, has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, loss of her employment, loss of earnings, loss of earning capacity, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff, Krista Lohr, demands judgment against Defendant, Angela Troccoli, Esq. in an amount just and proper, together with attorney fees, interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**SWARTZ & SWARTZ, P.C.**

By:_______________________________

David P. Angueira, Esquire
BBO No. 019610
10 Marshall Street
Boston, MA 02108
(617) 742-1900
(617) 367-7193
Attorney for Plaintiff, Krista Lohr

**MESSA & ASSOCIATES, P.C.**

BY:_______________________________

Richard J. Heleniak, Esquire
PA Bar I.D. No. 32177
123 S. 22nd Street
Philadelphia, PA 19103
(215) 568-3500
(215) 568-3501 (fax)
Attorney for Plaintiff, Krista V. Lohr
Associate Counsel and Designated Recipient of all Pleadings, Motions, Notices and Documents.

# CIVIL COVER SHEET

10 - 5857

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

10 5857

**I. (a) PLAINTIFFS**
Krista V. Lohr

**(b)** County of Residence of First Listed Plaintiff: Plymouth County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard J. Heleniak, Esq., Messa & Associates, P.C.
123 S. 22nd Street, Philadelphia, PA 19103 215-568-3500

**DEFENDANTS**
Kimmel & Silverman, P.C., Craig Kimmel, Esq., Robert Silverman, Esq, Angela Troccoli, Esq,

County of Residence of First Listed Defendant: MOntgomery, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. Sec.. 1332
Brief description of cause:
Employment Discrimination/Retaliation/Wrongful Discharge

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

OCT 29 2010

DATE
10-29-2010

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

HB 10 5857

Address of Plaintiff: 30 Beal Place, Plymouth County, Mass.

Address of Defendant: 30 East Butler Pike, Ambler, PA

Place of Accident, Incident or Transaction: Plymouth Massachusetts and Ambler Pennsylvania
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Employment Discrimination under Massachusetts Law

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, ______, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** ______ [signature] Attorney-at-Law 32177 Attorney I.D.#

OCT 29 2010

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** ______ [signature] Attorney-at-Law 32177 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Krista A. Lohr : CIVIL ACTION
v. : 10 5857
Kimmel & Silverman, P.C., et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 10-29-2010 | Richard J. Heleniak | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-3500 | 215-568-3501 | rheleniak@messalaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 29 2010