IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRISTA V. LOHR                :        CIVIL ACTION
                              :
        v.                    :
                              :
KIMMEL & SILVERMAN, P.C.,     :
et al.                        :        NO. 10-5857

MEMORANDUM

Bartle, J.                                    October 14, 2011

        Plaintiff Krista V. Lohr ("Lohr") brings this action
for sexual harassment and retaliation under the Massachusetts
Anti-Discrimination Statute, Mass. Gen. Laws ch. 151B *et seq*.
She was formerly employed as a paralegal at the defendant law
firm of Kimmel & Silverman, P.C.  We previously granted the
motion of defendants to dismiss all of Lohr's claims with the
exception of those for retaliation in violation of the Anti-
Discrimination Statute.  Before the court are the motion of Lohr
to compel discovery responses and the cross motion of defendants
for a protective order.

        Lohr seeks discovery regarding the alleged unethical
conduct of an associate at the firm, Angela Troccoli.  To make
out a prima facie case for retaliation, a plaintiff must plead
that:  (1) she engaged in protected activity; (2) she suffered an
adverse employment decision; and (3) a causal connection exists.
Mass. Gen. Laws ch. 151B, § 4(4A); Abramian v. President &
Fellows of Harvard Coll., 731 N.E.2d 1075, 1087-88 (2000).

Reporting or protesting a co-worker's alleged unethical conduct is not protected activity under the retaliation provision of the Anti-Discrimination Statute.  Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009).  The cases cited by Lohr are not to the contrary.  Accordingly, the information Lohr seeks regarding Troccoli's work performance and her alleged unethical conduct is not reasonably calculated to lead to the discovery of relevant and admissible evidence.[1]  Fed. R. Civ. P. 26(b)(1).

Plaintiff also seeks "[a]ll documents reflecting the case names of all pre-litigation and cases in litigation handled by the Kimmel & Silverman Massachusetts office between January 1, 2007 and the day the office closed."  Defendants object on the grounds of attorney-client privilege.

The identity of a client is not protected under the attorney-client privilege.  See, e.g., United States v. Strahl, 590 F.2d 10, 11 (1st Cir. 1978).  Therefore, plaintiff is entitled to a list of cases handled by the law firm to rebut the defendants' assertion that she was terminated due to a downturn in business.  To the extent that Lohr seeks other documents or information regarding these cases, her motion to compel is denied on the basis of attorney-client privilege and relevancy.

Lohr also seeks:  (1) her personnel file; (2) all records and other information related to her termination; (3)

---

1.  This order in no way limits the ability of plaintiff to seek information regarding the alleged sexual relationship between Troccoli and Craig Kimmel, Esquire to support her retaliation claim.

-2-

records of any complaints she made to management regarding her
job or work environment; and (4) information regarding the firm's
insurance coverage.  She correctly asserts that this information
is relevant to her claim of retaliation.  However, defendants
report that this information has now been produced to the extent
that it exists.  The motion to compel is moot as to this
information.

Accordingly, the motion of plaintiff to compel is
granted in part and denied in part.  The cross motion of
defendants for a protective order is granted except to the extent
that plaintiff seeks a list of cases handled by the Massachusetts
Kimmel & Silverman office from the date of her hiring until the
closing of the office.